Court will next call Heeple v. Schulte. Once again, I want to note for the record that Justice Chapman is participating in this case, although not present today. She was not available to be here. And she will listen to the oral argument, so please speak up. She will read the briefs. Counsel for the panel may proceed. May I please the court? Counsel? Joshua Schulte was convicted of possession of methamphetamine at a stipulated bench trial, where his appointed counsel did not raise any defense except a frivolous suppression issue that is contradicted by a United States and Illinois Supreme Court case law decided over 25 years ago. Where counsel's conduct reflects a complete abdication of his responsibility to know the relevant law and to provide adversarial testing to the state's case, this court should find that reversal is warranted because Mr. Schulte did not receive his constitutionally mandated effective assistance of counsel under either the Chronic or the Strickland standards. Now, just to flush out the facts relevant to these issues, on the date in question, Mr. Schulte was riding in the passenger seat of Carolyn Pribble's car. The car's registration had expired, and so the police pulled the car over, waffling. Ms. Pribble had an outstanding warrant, and Mr. Schulte did not have a valid driver's license, so the car was impounded lawfully in pursuant to police procedures. The police conducted an inventory search prior to the tow, and consistent with their inventory policy, they searched a closed container found in the car. This was a locked lockbox found under the passenger seat. There was a key to the lockbox both on Ms. Pribble's and Mr. Schulte's key rings, so they used that to open the closed container. Pursuant to the inventory policy of opening all closed containers, the police indicated that they also open all locked containers, and as found by the trial court, a locked container isn't necessarily a closed container. Counsel then, after losing the motions and the motion to reconsider the suppression issue, then agreed to a stipulated bench trial in order to preserve the suppression issue. The grounds on which he sought suppression were that the search exceeded the inventory policy because it did not specifically say locked containers in the policy, rather than closed containers, and also that the purpose of the search could have been achieved by less intrusive means. He told the court, essentially what we're trying to do is to preserve his issues for appeal regarding the motion to suppress. So first I'd like to address why this suppression argument was not merely a stretch or an argument for a change in the law, but contrary to valid applicable law and completely frivolous. And then I'd like to address why this account amounts to ineffective assistance, both under the chronic standard and under the Strickland standard. So first, our own Supreme Court in 1993 in People v. Hundley set forth the standard for an inventory search. In order for it to be lawful, the car has to be impounded legally. The purpose of the search has to be to protect property, to protect the police from danger, and or to protect the police from property claims. That was the case here. The search also has to be conducted in good faith, pursuant to a reasonable standardized police procedure, and is not a pretext. There was no argument even by counsel that this was a pretextual search. He simply said, you know, this was not part of the standardized police policy. However, in 1990, in Florida v. Wells, that decision by the United States Supreme Court makes it unreasonable to assert that a locked container is not a closed container. That court held that policies of opening all containers or no containers are unquestionably permissible. This case also specifically involved a locked container, and yet the court did not make a distinction between a locked container and a closed container. It simply described the container as closed. In People v. Gibson in 2003, the Illinois Supreme Court clarified that an inventory policy need not be in writing. So additions to the policy or how the policy is interpreted, those can be upheld through officer testimony. And so any doubt you had about the legitimacy of this issue was clarified through officer testimony that, yes, we interpret our inventory policy about closed containers to apply to locked containers, and that's how all of our officers are trained. So we have a standardized procedure that says this is our policy, this is how it's applied, and there's no distinguishing facts in this case. Further, counsel's assertion that the court, that the officer should have employed less intrusive means is directly contrary to Illinois v. Lafayette and United States Supreme Court from 1983. And all four cases cited by defense counsel below in support of the less intrusive means test have either been expressly or impliedly overruled. So there is no basis to assert that issue. So, again, the issue is not the filing of the suppression motion alone. The issue is that counsel then took this one step further, and in order to preserve that issue, which is not an issue, counsel said we're going to proceed by stipulated bench crime. Now, in its briefing, the state says, you know, you have to presume that there was some other reason or that there was some advantage gained by this proceeding, but that's not the case. You need to take counsel, I would urge this court to take counsel at his word that we are proceeding in this manner in order to preserve this issue. Now, this degree of error where counsel does not know the law applicable to the case meets the chronic standard. He waived all other defenses, and that is sufficient to show that there was no meaningful adversarial testing in this case. However, even under the Strickland standard, counsel's conduct was ineffective. There is no strategy here that it was an error of law that was egregious and not reasonable. And strategic choices are only unassailable if they are conducted after investigation of the law and facts applicable to the case. That was not the case here. Turning to prejudice, even if the court does not presume prejudice based on the chronic standard, it is shown here. Prejudice is not an outcome-determinative standard. It focuses on whether the proceedings were fundamentally fair or unfair. And in this case, this was essentially a guilty plea, and the outcome of the plea process necessarily would have been different with competent counsel. Either counsel would have... Had counsel appropriately understood the facts in this case as they apply to the law, Mr. Schulte necessarily either would have not given up his right to a trial, or he would have pled guilty with the proper admonishments and the ability to argue to the court in sentencing that he had pled guilty. Now, again, in order for... The state urges you to assume that there were concessions made, but these concessions aren't on the record, and so they aren't enforceable. Even if there were charges dropped, those also don't... There is no advantage to the state to proceeding by a stipulated bench trial over a guilty plea, so there's no reason to assume that they would agree to this procedure, and then knowing that they would have to defend an appeal versus simply agreeing to a guilty plea in the first place. Further, this was essentially tantamount to a guilty plea where Mr. Schulte was not properly admonished under Rule 4 or 2. And unless this court has questions, I'll reserve. Thank you. Thank you, Counsel. We'll have an opportunity for rebuttal. Counsel for the appellee. May it please the Court, Counsel? Jennifer Camden on behalf of the people. The defendant here has explained that defense counsel in the court below presented and preserved multiple suppression issues. The facts regarding the inventory search policy and the police training were adduced at the suppression hearing, and the defendant isn't arguing that counsel was ineffective for exploring those issues in a suppression motion, albeit unsuccessfully. The point is that multiple suppression issues were presented and preserved, and the defendant is complaining about one of them, that overruled case law was cited and distinguished in support of one of those arguments. The issue is whether counsel was ineffective under chronic for preserving all of the suppression arguments. That's the defendant's argument. The defendant is arguing that counsel agreed to a stipulated bench trial in order to preserve the suppression issues. But these issues would have been, could have been preserved in any type of trial. The defendant personally waived his right to a jury trial, but a non-stipulated bench trial also would have preserved those suppression issues. Counsel's agreement to the stipulated bench trial procedure by which evidence was presented by stipulation was not required in order to preserve those issues. Stipulated bench trial is just a means of presenting evidence. The defendant's argument isn't that counsel was ineffective in having a stipulated bench trial versus a non-stipulated bench trial. He isn't arguing that evidence should have been presented in a different way. His argument is that counsel was ineffective for agreeing to a stipulated bench trial over advising the defendant to plead guilty. The defendant argues in the reply brief of pages 13 through 16 that counsel didn't tell him that the suppression issue was meritless and that, quote, proper advice would have resulted in a guilty plea. But, of course, the record doesn't show whether defendant wanted to plead guilty or would have pled guilty or what counsel advised the defendant to do with regards to pleading guilty or the odds of winning on appeal. And the appellate court has repeatedly refused to presume on direct appeal what counsel told the defendant in these privileged conversations. Most recently, the Fourth District in Veatch advised reviewing courts to simply affirm where the record is insufficient for the defendant to prove his claim of ineffective assistance of counsel. The defendant is arguing that he was prejudiced because the outcome of the plea process would have been different in that he would have pleaded guilty instead of having the stipulated bench trial. But that is the standard. The outcome of the plea process would have been different. That's the standard that applies to claims of ineffective assistance of counsel that are asserted when defendant pleads guilty. Here, the defendant didn't plead guilty. He had a stipulated bench trial. And he claims that counsel talked him out of pleading guilty in order to preserve this suppression issue. But the record doesn't show that. Also, the defendant is arguing that even if counsel told the defendant that the issue was meritless, he still should not have raised the suppression issue and should instead have presented some other course of action, some other defense. That's in the reply at pages 9 through 10. But what course of action should defense counsel have preserved? Cases evaluating counsel's conduct under chronic look at what counsel actually could have done given the facts in a particular case. And defense counsel accurately described the overwhelming evidence, a good stop, a good search, the drugs were in a box to which defendant had a key. Here are some examples of legally unavailable or long-shot defenses that the Illinois Supreme Court and the appellate court have held that counsel's not ineffective under chronic or strickland for raising where no other defense is available. Self-defense where the defendant is the aggressor, legally unavailable. A compulsion defense, jury nullification strategy. Entrapment. Or a Fourth Amendment claim based on the acts of a non-state actor. Truly, those claims are unlikely to succeed, but counsel in those cases, and they're cited in the people's brief, was held not to be ineffective because it was unclear what else counsel could have done. There are three cases in Illinois in which counsel's been held ineffective under chronic after having agreed to a stipulated or partially stipulated bench trial. And in each of those cases, the attorney failed to present and preserve any defense at all. Here, counsel did present and preserve a defense. In fact, that's what the defendant on appeal is complaining about. He's just complaining about what defense that was. But that's not a, that's not been held to violate chronic where no other defense was possible. Here, suppression was the best possible defense. And the defendant presented and preserved multiple suppression arguments. Moving on to the issue of whether the stipulated bench trial was tantamount to a guilty plea and Rule 402 admonitions required. The defendant is arguing in reply at pages 18 and 19 that the suppression issues were definitely meritless and that the trial court could have made that call and given Rule 402 admonishments. That's an unworkable suggestion because in these cases, the circuit court will, as it did in this case, will already have rejected the claim that counsel is seeking to preserve. The court in this case rejected the suppression claims. And the trial court can't know of the issue's chance on appeal. After all, what about the defendant's right to urge a modification or expansion or reversal of an existing legal rule? The defendant's preservation of that type of argument shouldn't transform a stipulated bench trial into a guilty plea. Right now, there's a bright line rule. Either an issue is preserved or it isn't. And the Supreme Court in the Campbell case held that a stipulated bench trial is tantamount to a guilty plea only if the defendant stipulates that the evidence is sufficient to support a guilty verdict. That didn't happen here. Or if the defendant does not present or preserve a defense at all. The court in Campbell didn't say that the defense had to be a winner on appeal or have a better-than-average chance. It just said that counsel had to present and preserve a defense and that that's enough to avoid transforming a stipulated bench trial into a guilty plea. The defendant argues that the preservation of a meritless defense is the same as the preservation of no defense at all. And, therefore, this was tantamount to a guilty plea under Campbell. But, again, no Illinois case says that the preserved issue has to have a particular chance on appeal. And here's an example of an issue that has been presented and preserved for appeal in which the appellate court ruled that that counted for purposes of judging whether the stipulated bench trial was transformed into a guilty plea. The defense attorney presented and preserved the argument that prohibition of cocaine was unconstitutional. That's in the Bonham case. Similarly, in the Foote case, there was a sufficiency of the evidence argument preserved and presented. Those are types of arguments that have been held to, when presented, avoid the transformation of a stipulated bench trial into a guilty plea. Again, the question is whether any defense was preserved at all. The defendant, in one other point, in the reply at 19, states that, quote, there's absolutely no harm that can result from a defendant being adequately advised of his rights before proceeding with a stipulated bench trial. The suggestion that first there can be Rule 402 admonitions and then there can be a stipulated bench trial. But a court giving Rule 402 admonishments isn't just reading something. It's confirming with the defendant that he understands that he's knowingly waiving his right to a trial. So if he waives that right to a trial, then there will be no stipulated bench trial. So the defendant's suggestion there would be unworkable. Also, the defendant, in the reply brief and today, suggested, and I'm moving back to the issue of whether this court should presume that, from the silent record, that the stipulated bench trial was agreed to in exchange for some concessions. The defendant's arguing that no deal occurred because the defense counsel said he was preserving the issue by agreeing to a stipulated bench trial. But defense counsel had to preserve an issue to avoid triggering Rule 402, as I just said. And that doesn't foreclose the existence of the deal. In the Glazier case, defense counsel also stated that he was agreeing to a stipulated bench trial in order to preserve an issue. And the record in that case showed that a deal was made. The record silence should be construed against the appellant and in favor of the appellee on this matter. So for these issues and the other reasons in the people's answer brief, respectfully request that the court affirm. Thank you, counsel. Reba. The state argues that there were multiple suppression issues presented and that this means that there was a defense preserved and presented. Both suppression issues were contrary to United States and Illinois Supreme Court case law. This was not an argument for a change in the law. This was not a good faith interpretation of the law. These were directly contrary to established case law. That does not amount to a preserved defense. Turning to the comments on prejudice. The prejudice here is that Mr. Schulte gave up his right to a contested trial and counsel proceeded by a stipulated bench trial. So the constitutional rights here at issue are to have a contested trial where you are able to confront the witnesses against you. Prejudice does not include, you do not have to show that you would have prevailed at a trial in order to show the prejudice. The right here is that he either had a right to proceed by a contested trial or to know that he was pleading guilty. And that's what happened here. At the sentencing they say this was an open guilty plea. So that, the combination of counsel saying we're doing this to preserve this issue and at sentencing them to discuss this as an open guilty plea strongly undercuts the assertion that there was some sort of deal that justified counsel's pursuit of this issue. Now, this state also mentions other cases where it's been found that self-defense in inappropriate circumstances or seeking jury nullification have not found to be an effectiveness. Those are both instances where you've pursued a contested trial and it's a last ditch effort. In this case, certainly the suppression hearing presents some, presents evidence that strongly suggests and was in fact used to stipulate to facts which resulted in a guilty finding here. That's not the issue. The issue is that Mr. Schulte was unaware that this would result in a guilty plea without preservation of an issue. And that counsel here made the decision to do so. Regardless of what words he used off the record to Mr. Schulte, he pursued an issue that was contrary to United States law, contrary to Illinois law. And in doing so, gave up Mr. Schulte's right to a contested trial or to a fully admonished guilty plea. And if this court has no questions, we would respectfully ask that, based on this complete abdication of counsel's duty, that this court find he was ineffective under either the chronic or the strickland standards and reverse Mr. Schulte's conviction and remand for further proceedings. Thank you. Thank you, counsel. The court will take this matter under advisement and issue its decision.